**Edward GIANCOLA, Plaintiff-Appellant,**

v.

**Patricia CONNER, By Robert Till, Guardian, Defendant-Respondent.**

**No. 34230.**

Missouri Court of Appeals, St. Louis District.

June 6, 1972.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Willson, Cunningham & McClellan, Emmett M. O'Brien, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from a judgment against him based upon a jury verdict in an automobile accident case. Plaintiff's sole contention here is that the court erred in giving a contributory negligence instruction premised upon failure to warn because of lack of evidentiary support. In that posture we must look to the evidence and inferences most favorable to defendant's asserted defense.

Plaintiff and defendant were each proceeding south on Hampton Avenue near Elizabeth Avenue in St. Louis. Hampton, at the point of the occurrence, is a divided highway with three lanes for southbound

traffic. Plaintiff was in the curb lane and to the right and behind defendant. Defendant was in the center lane. Upon approaching Elizabeth Avenue defendant slowed her speed from twenty-five to fifteen miles per hour and began to angle right in order to make a right turn at Elizabeth. She stated she looked in her rear view mirror prior to executing this maneuver and saw nothing in the curb lane. She placed her distance from the corner at the time she started her angle at fifty feet. Upon observing defendant's maneuver plaintiff immediately slammed on his brakes and turned to his right. He did not sound his horn. His brakes held immediately and he slid forward making contact with defendant's car at a point just in front of the right rear wheel with the left side of his bumper and headlight. Defendant placed the point of collision at thirty feet from the intersection; plaintiff placed it at from five to fifteen feet. Both parties testified defendant's car traveled fifteen to twenty feet from the time of her maneuver until the collision. Defendant was approximately one-third into the curb lane when the collision occurred. Plaintiff contends that since at fifteen miles per hour defendant was traveling twenty-two feet per second she would have traversed the distance of twenty feet in less than a second and that this was less than the combined reaction time of the parties of one and one-half seconds.

■ Of course, in a failure to warn case the evidence must establish not only the failure to warn, but that a warning could be made in time to allow evasive action by the person warned. Johnson v. Weston, Mo.App., 330 S.W.2d 160. In the absence of evidence of reaction time, courts in this state take judicial notice that three-fourths of a second is the average reaction time. In this case in order for the warning to have averted the accident it was necessary that plaintiff give the warning and defendant react to it. Therefore, at least one and one-half seconds were required between defendant's maneuver and

the collision for a warning to be given and reacted to. Were the testimony of the parties as to the place of collision and the distance traveled between maneuver and collision the only evidence before us, we would be forced to conclude the evidence did not support the instruction. But that is not the only evidence.

■ Plaintiff offered and introduced into evidence certain photographs which he contended showed the location of the skid marks made by his car. He also stated that at the instant of collision his vehicle left the road and went over the curb. The end of the skid marks are located right at the intersection of the two streets and it is a reasonable inference that that is the point of collision. If then we accept defendant's testimony that she began her maneuver fifty feet from the intersection while going at a speed of fifteen miles per hour it required more than two seconds for her to traverse the distance between maneuver point and point of collision. In Sperry v. Tracy Dodge-Plymouth Co., Mo., 344 S.W.2d 108 and Wofford v. St. Louis Public Service, Mo., 252 S.W.2d 529, it was held that two seconds is adequate time upon which to premise a finding of failure to warn. Defendant at the time of collision was only one-third of the way into the curb lane. Courts take judicial knowledge that "automobiles respond quickly and accurately to the touch of the driver's hand on the steering wheel . . ." and the "necessary impulse may be applied in an instant." Perry v. Dever, Mo., 303 S.W.2d 1 [13]; Brown v. Callicotte, Mo., 73 S.W.2d 190. Taking the evidence in the light most favorable to defendant's theory we find there was sufficient evidence to support the contributory negligence instruction given.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, J., a commissioner when the case was submitted to the court, is adopted as the opinion of

this court.  Accordingly, judgment is affirmed.

DOWD, Acting P. J., and ROBERT LEE CAMPBELL and VERNON W. MEYER, Special Judges, concur.